UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:13-112-EBA

DENNIS KEITH HALL, PLAINTIFF,

V. **MEMORANDUM OPINION AND ORDER**

CAROLYN W. COLVIN,
*Commissioner of Social Security*, DEFENDANT.

## I. INTRODUCTION

Plaintiff, Dennis Keith Hall, brought this action under 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's decision to deny his application for a period of disability, disability insurance benefits, and supplemental security income benefits. [Tr. at 377-80]. Upon consent of the parties, this matter has been referred to the undersigned to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [R. 17]. For the reasons set forth herein, Plaintiff's Motion for Summary Judgment [R. 12] shall be denied, Defendant's Motion for Summary Judgment [R. 13] shall be granted, and Judgment shall be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff was born in 1962. [Tr. at 256]. He has a GED and last worked as a heavy equipment operator for a coal company. [Tr. at 257-58]. In his Disability Report, Form SSA-3368, Plaintiff claimed his work ability was limited due to diabetes, cirrhosis, hepatitis B, and degenerative disc disease. [Tr. at 402]. Thus, Plaintiff filed for disability insurance benefits and supplemental security

income on September 19, 2011. [Tr. at 377-80]. The Social Security Administration denied his claims initially [Tr. at 280] and upon reconsideration [Tr. at 294]. After denial of his claims, he requested a hearing before an administrative law judge ("ALJ"). [Tr. at 323-24]. Subsequently, he testified at a hearing held on April 23, 2013 before ALJ Charlie Paul Andrus. [Tr. at 251-79]. At the hearing, Plaintiff was represented by counsel, Glenn Martin Hammond. [Tr. at 251]. During the hearing, the ALJ also heard testimony from Jenna Baldwin, a vocational expert. [Tr. at 251].

The ALJ ruled against Plaintiff in a written decision dated May 7, 2013. [Tr. at 229-50]. In his decision, the ALJ found that Plaintiff suffered from the severe impairments of "cirrhosis of the liver; hepatitis B; diabetes; degenerative joint disease of the spine; adjustment disorder; anxiety and depression (20 C.F.R. 404.1520(c))." [Tr. at 234]. Despite these conditions, the ALJ determined that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." [Tr. at 235]. Continuing with his evaluation, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work, and he set forth his specific limitations in his opinion. [Tr. at 237]. Further, the ALJ noted that Plaintiff was unable to perform past relevant work. [Tr. at 243]. However, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." [Tr. at 243]. Based on these findings, the ALJ concluded that Plaintiff was not under a "disability" as defined by the Social Security Act. [Tr. at 245]. Following the adverse decision of the ALJ, Plaintiff properly exhausted his administrative remedies by appealing to the Social Security Appeals Council, which denied his request for review. [Tr. at 227].

On October 17, 2013, Plaintiff filed a Complaint in this Court seeking review of the

Commissioner's decision. [R. 1]. In his Motion for Summary Judgment [R. 12], Plaintiff sets forth multiple arguments for reversal of the ALJ's opinion. Defendant responds that the ALJ's opinion should be affirmed, as it is supported by substantial evidence. [R. 13]. The case is now ripe for review.

### III . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (internal citations and quotation marks omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal citations and quotation marks omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also Glass v. Sec'y of Health, Educ. & Welfare,

517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

In the present action, although the Plaintiff lists just one overarching argument–that the ALJ's decision is not supported by substantial evidence–the Court discerns four separate issues:

1. Whether the ALJ gave appropriate weight to the opinion of the treating physician.

2. Whether the ALJ erred in finding that Plaintiff's subjective complaints were not credible.

3. Whether the ALJ erred by relying on improper hypothetical questions to the vocational expert.

4. Whether evidence submitted to the Appeals Council after the ALJ's decision warrants remand.

[R. 12-2 at 5-9]. Each issue raised by Plaintiff will be considered, in turn, below.

### A. Opinion of Treating Physician

Plaintiff contends that the ALJ erred in rejecting the opinions of Dr. Samuel King because the doctor had a lengthy treatment relationship with Plaintiff and because he had examined Plaintiff numerous times. Two of King's opinions are at issue: (1) in September, 2011, King stated that Plaintiff was no longer able to continue any gainful employment, [Tr. at 694], and (2) in April, 2013, King opined that Plaintiff was totally and permanently disabled, [Tr. at 788].

A treating physician's opinion receives controlling weight where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [consistent] with other substantial evidence." 20 C.F.R. § 404.1527(d)(2). If an ALJ does not afford controlling weight to

4

a treating physician's opinion, he must provide "good reasons" for discounting the opinion. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The obligation to provide "good reasons" requires the ALJ to support, with evidence, his finding that the medical opinion is not well-supported or is inconsistent with the case record. Id. at 544-46. Moreover, once an ALJ provides a "good reason" for not affording controlling weight to a treating source, the ALJ must then explain the weight that should be given to the treating source's opinion in light of certain factors outlined in 20 C.F.R. § 404.1527(d)(2), "namely the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." Id. However, the ALJ is not required to explicitly discuss each factor involved in deciding the weight to be afforded to a treating physician's opinion. Francis v. Comm'r of Soc. Sec., 414 F. App'x 802, 804 (6th Cir. 2011).

Moreover, the ALJ retains the ultimate responsibility for determining whether a claimant is disabled. Schuler v. Comm'r of Soc. Sec., 109 F. App'x 97, 101 (6th Cir. 2004). For this reason, conclusory statements by the treating source that the claimant is disabled are not entitled to deference. Id. With these standards in mind, the undersigned will now address the ALJ's evaluation of the medical opinions rendered by King.

As an initial matter, the Court finds that the ALJ properly noted that King's opinions–that the Plaintiff is disabled and completely unable to work–are not entitled to any special deference because they are conclusory statements on the dispositive matter of whether Plaintiff is disabled. [Tr. at 242]; see also Schuler, 109 F. App'x at 101; 20 C.F.R. § 404.1527(d) (explaining that the final responsibility for determining a claimant's RFC "is reserved to the Commissioner"). Although this

5

alone offered a perfectly adequate justification for the ALJ's rejection of King's opinions, the ALJ also went on to address whether "good reasons" existed for discounting the opinions.

In his analysis, the ALJ took notice that King's report lacked a function-by-function assessment. [Tr. at 242]. Additionally, the ALJ noted that the report contained no findings to support its "sweeping conclusion." [Tr. at 242]. Based on these observations, the ALJ concluded that King's opinion was entitled to little weight because it was based on Plaintiff's subjective complaints. [Tr. at 242]. An opinion's basis in a claimant's subjective complaints is a sufficiently "good reason" for the ALJ not to afford it controlling weight. See Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993) (explaining that medical opinions, even those of treating doctors, are not entitled to controlling weight when they are based on subjective complaints rather than objective, clinical evidence); Miller v. Comm'r of Soc. Sec., No. 12-12639, 2013 WL 4482969, at *10 (E.D. Mich. Aug. 20, 2013).

Having found a "good reason" not to afford controlling weight to the opinion of King, the ALJ further explained his decision to afford lesser weight to King's opinion using the factors outlined in 20 C.F.R. § 404.1527(d)(2) (i.e., length and extent of treatment relationship, supportability, consistency with the record, and the treating source's specialization). Wilson, 378 F.3d at 544-46. In explaining why King's opinion was entitled to lesser weight, the ALJ noted that King's opinions were "inconsistent with the overall medical record." [Tr. at 242].

In fact, the reports of two examining physicians, Drs. Nutter and Owens, support the ALJ's decision to afford lesser weight to King's opinions on the basis of their lack of consistency with the record. See 20 C.F.R. § 404.1527(d)(2). Nutter, who examined Plaintiff in March, 2012, noted that Plaintiff walked with a normal gait. [Tr. at 240, 459-60]. Further, Nutter's examination revealed that Plaintiff's cranial nerves, sensory, and motor modalities were intact. [Tr. at 461]. His muscle

6

strength was normal in the upper and lower extremities bilaterally. [Tr. at 461]. There was also no evidence of congestive heart failure, gallops, or rales. [Tr. at 462]. Owens, who examined Plaintiff in July, 2012, indicated that Plaintiff's straight leg raises were negative in the sitting and standing positions and that he demonstrated a full squat. [Tr. at 772]. Additionally, Owens noted that Plaintiff had relatively little ongoing pain or requirement for pain management at that time. [Tr. at 774].

Notwithstanding the ALJ's above-described analysis, Plaintiff contends that the ALJ should have adopted King's opinion because of the length of King's treatment relationship with Plaintiff and the frequency of examinations conducted. Although the regulations instruct an ALJ to consider these factors, they do not require the ALJ to conduct an exhaustive factor-by-factor analysis or explicitly discuss each factor involved in deciding the weight to be afforded to a treating physician's opinion. See Francis, 414 F. App'x at 804.

Here, the ALJ found that King's opinion was not entitled to controlling weight because it was conclusory. Further, the ALJ provided a "good reason" for not affording controlling weight to King's opinions, and he adequately explained the weight that he did, in fact, give to the opinions using the 20 C.F.R. § 404.1527(d)(2) factors. The regulations require nothing more. Thus, the Court finds no error in the ALJ's evaluation of King's opinions.

## B. Plaintiff's Subjective Complaints

In his second argument, Plaintiff alludes generally to his subjective complaints of pain in an effort to show that the ALJ's decision is not supported by substantial evidence. [R. 12-2 at 8]. Here, the ALJ stated that he reviewed "all symptoms" in evaluating Plaintiff's RFC. [Tr. at 237]. However, he found that Plaintiff's complaints of pain and other symptoms were not entirely credible. [Tr. at 242]. Further, the ALJ expressly considered the objective medical findings and Plaintiff's

daily activities before concluding that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not credible. [Tr. at 237-43, 257, 263, 457-62, 704-08].

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997) (citing Villarreal v. Sec'y of Health & Human Servs., 818 F.2d 461, 463 (6th Cir. 1987)). In the present case, Plaintiff fails to cite to the record or provide any specific subjective complaints that were ignored by the ALJ. Thus, Plaintiff has not provided any reason for this Court to disregard the deference ordinarily applied to the ALJ's evaluation of a claimant's subjective complaints. See id. Accordingly, the Court concludes that the issue is waived. See Smith v. Halter, 307 F.3d 377, 379 (6th Cir. 2001) (noting that the Court will not disturb an ALJ's credibility determination "absent compelling reason); see also United States v. Layne, 192 F.3d 556, 566 (6th Cir. 1999) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

### C. Hypothetical Questions to the Vocational Expert

Plaintiff's third argument is that the ALJ should have relied on the vocational expert's response to the hypothetical questions posed by Plaintiff's counsel rather than a less restrictive hypothetical posed by the ALJ himself. [R. 12-2 at 8]. In response to the ALJ's hypothetical, which was based on the ALJ's assessment of Plaintiff's RFC, the vocational expert identified examples of jobs Plaintiff could perform, including house sitter, order clerk, price marker, electronics worker, vinyl assembler, and bench worker. [Tr. at 272-74]. However, in response to Plaintiff's counsel's more restrictive hypothetical questions, which included additional limitations based on Plaintiff's

8

subjective complaints and Dr. King's opinions, the vocational expert indicated that Plaintiff would not be capable of performing any available jobs. [Tr. at 244].

As previously explained, the ALJ found that neither Plaintiff's subjective complaints nor King's opinions were consistent with the overall medical record. In questioning a vocational expert regarding a claimant's impairment, the ALJ is not required to include conditions that he finds to be inconsistent with the record as a whole. Foster v. Halter, 279 F.3d 348, 356 (6th Cir. 2001); see also Casey v. Sec'y of Health & Human Servs., 978 F.2d 1230, 1235 (6th Cir. 1993) (noting that the ALJ is required to incorporate only those limitations that he finds to be credible). For this reason, the Court finds that the ALJ did not err in his reliance on the particular hypothetical questions he posed to the vocational expert.

### D. Additional Evidence Submitted to the Appeals Council

In his final argument, Plaintiff generally alleges that his heart condition has worsened since the ALJ's decision. [R. 12-2 at 8]. Further, Plaintiff states that he was hospitalized on one occasion since the hearing. [R. 12-2 at 8]. Although Plaintiff failed to cite any specific pages in the record, it appears that he is referring to records from Pikeville Medical Center dated May 2013. [Tr. at 160-201]. Indeed, the record reflects that evidence of Plaintiff's hospitalization at Pikeville Medical was submitted to the Appeals Council after the ALJ's decision. [Tr. at 2].

"[E]vidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." Foster, 279 F.3d at 357 (citing Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996)). A court may consider evidence submitted to the Appeals Council only to determine whether the evidence satisfies the criteria for remand under sentence six of 42 U.S.C. § 405(g). See Ferguson v. Comm'r of Soc. Sec., 628 F.3d

9

269, 276 (6th Cir. 2010); Foster, 279 F.3d at 357. To obtain remand under sentence six of § 405(g), a claimant must show that the evidence submitted to the Appeals Council is new and material and that there was good cause for not presenting the evidence to the ALJ. See Ferguson, 628 F.3d at 276; Foster, 279 F.3d at 357.

Here, Plaintiff has utterly failed to make a showing of materiality. In fact, Plaintiff has failed to cite to § 405(g) or argue a remand is appropriate. This failure alone is a sufficient basis for the Court to reject Plaintiff's argument. See Casey, 987 F.2d at 1233 (dismissing similar argument from claimant for failure to cite § 405(g) or argue for remand).

At any rate, even if the Court were to consider the additional evidence as part of the record in determining whether the ALJ's decision was supported by substantial evidence, the conclusion would not change. Even assuming that the Plaintiff's heart condition is "progressively worsening" as he has asserted [R. 12-2 at 8], "[e]vidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 478 (6th Cir. 2003) (quoting Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 685 (6th Cir. 1992)). Thus, the Court finds that the additional evidence cited by Plaintiff fails to provide grounds for remand.

V. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Summary Judgment [R. 12] be DENIED, Defendant Commissioner's Motion for Summary Judgment [R. 13] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Signed March 2, 2015.



Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**